against Arthur for $1,695 and in Marsico's favor for costs.

The suit was to enforce a liability the commissioner claimed Arthur and Marsico had incurred by force of the statute (articles 552 and 556, Vernon's Statutes) as holders of capital stock of an insolvent state bank. It appeared from testimony heard at the trial that on June 24, 1921, Arthur borrowed $2,025 of Marsico, and as security for the loan indorsed and delivered to him (Marsico) a certificate covering 15 shares of the capital stock of the Denison Bank & Trust Company, then owned by Arthur. When the certificate was delivered to him Marsico surrendered it to the proper officer of the bank for cancellation, and in lieu thereof received a certificate in his own name for a like number of shares of stock. Thereafter until July 15, 1921, when, because it was insolvent, the affairs of the bank were taken over by the commissioner as provided by law (article 453, Vernon's Statutes), Marsico appeared on the records of the bank as the owner of the 15 shares of stock. July 22, 1921, Arthur having repaid the $2,025 he had borrowed as stated, Marsico turned the certificate of stock over to him. During the time Marsico appeared on the records of the bank as the owner of the stock, to wit, on July 1, 1921, the bank declared a dividend thereon, and same was paid to Arthur. How that happened was not shown, it seems, for the bank had no notice that Marsico was not the owner of the stock as he appeared on its books to be, but, instead, held same as collateral security for indebtedness to him.

The question presented for determination may be stated as follows: Is a person who appears on the books of an insolvent state bank to be the owner of stock therein, but who in fact holds the stock only as collateral security for indebtedness due him, liable for debts of the bank as provided in article 552, Vernon's Statutes, as follows:

"If default shall be made in the payment of any debt or liability contracted by any bank * * * each stockholder of such corporation, as long as he owns shares therein, and for twelve months after the date of a transfer thereof, shall be personally liable for all debts of such corporation existing at the date of such transfer, or at the date of such default, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred."

Appellant's contention that the question should be answered in the affirmative, notwithstanding the declaration in article 556 of said statutes that:

"No person * * * holding such stock as collateral security, shall be personally subject to any liability as stockholder in such corporation; but the person pledging such stock shall be considered as holding the same, and shall be liable as stockholder accordingly."

—is on the theory, quoting from his brief:

"That the exemption from liability of one holding stock merely as collateral security is limited in its application to cases where the fact that such stock is so being held is made to appear in some manner, and has no application to a case like the present, where the fact that the stock is held as collateral is not made known to the bank nor to the commissioner of banking, and the records of the bank are such that one examining the same could acquire no notice that the holding was by way of security."

As we understand it, the question was not presented in Lantry v. Wallace, 182 U. S. 536, 21 S. Ct. 878, 45 L. Ed. 1218, cited by appellant as supporting his contention, and it has not been determined by any of the appellate courts of this state. However, the question has arisen in other states having statutes like our own, and in each instance has been determined—correctly, we think—to the contrary of appellant's contention. Union Sav. Ass'n v. Seligman, 92 Mo. 635, 15 S. W. 630, 1 Am. St. Rep. 776; Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359; McMahon v. Macy, 51 N. Y. 155; Johnston v. Black, 59 Wash. 144, 109 P. 367. The declaration in the statute is plain and unconditional, and we think that the courts, in the face of it, and on facts like those in the record before us, have no right to say that one who holds stock as collateral security only is liable as a stockholder as provided in article 552 set out above.

There is no error in the judgment, and it is affirmed.

---

## MEMORANDUM DECISIONS

---

W. T. GARRETT v. J. T. ROBISON, Com'r, etc. (No. 509–4220.) (Commission of Appeals of Texas, Section B. April 1, 1925.) Mandamus. Scott W. Key, of Eastland, for plaintiff in error.

POWELL, P. J. This is an original action in mandamus by the relator to require the land commissioner of this state to reinstate his claim to a tract of public free school land in Palo Pinto county, Tex., which the state had sold him; and, without forfeiting his contract as by law required, proceeded prematurely to advertise the land for resale. On the 23d day of March, 1925, the relator filed a motion herein as follows: "Now comes the relator in the above numbered and styled cause, and respectfully shows to the court that, since the institution of this proceeding, the respondent, J. T. Robison, commissioner of the general land office of the state of Texas, has voluntarily reinstated the relator as a purchaser of the land referred to in his petition, and that therefore the further prosecution of this proceeding has become unnecessary. Wherefore relator prays that this cause be dismissed, at his cost." This case is

ruled by our opinion in the case of Weaver v. Robison, Commissioner, and which was adopted by the Supreme Court on December 20, 1924. See 268 S. W. 133. In that case we held there could be no valid advertisement, such as required by law before the lands advertised were forfeited, and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The settlement of the instant case by the parties followed the decision aforesaid. We recommend that the aforesaid motion, filed by relator herein, be granted, and this cause dismissed, at his cost.

CURETON, C. J. Cause dismissed, on motion of relator, at his cost, as recommended by the Commission of Appeals.

=====

I

J. C. MAXWELL v. J. T. ROBISON, Com'r, etc. (No. 510–4221.) (Commission of Appeals of Texas, Section B. April 1, 1925.) Mandamus. Scott W. Key, of Eastland, for plaintiff in error.

POWELL, P. J. This is an original action in mandamus by the relator to require the land commissioner of this state to reinstate his claim to a tract of public free school land in Palo Pinto county, Tex., which the state had sold him, and, without forfeiting his contract as by law required, proceeded prematurely to advertise the land for resale. On the 23d day of March, 1925, the relator filed a motion herein as follows: "Now comes the relator in the above numbered and styled cause, and respectfully shows to the court that, since the institution of this proceeding, the respondent, J. T. Robison, commissioner of the general land office of the state of Texas, has voluntarily reinstated the relator as a purchaser of the land referred to in his petition, and that therefore the further prosecution of this proceeding has become unnecessary. Wherefore relator prays that this cause be dismissed, at his cost." This case is ruled by our opinion in the case of Weaver v. Robison, Commissioner, and which was adopted by the Supreme Court on December 20, 1924. See 268 S. W. 133. In that case we held there could be no valid advertisement, such as required by law before the lands advertised were forfeited, and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The settlement of the instant case by the parties followed the decision aforesaid. We recommend that the aforesaid motion, filed by relator herein, be granted, and this cause dismissed, at his cost.

CURETON, C. J. Cause dismissed, on motion of relator, at his cost, as recommended by the Commission of Appeals.

=====

2

N. A. MOORE v. J. T. ROBISON, Com'r, etc. (No. 511–4222.) (Commission of Appeals of Texas, Section B. April 1, 1925.) Mandamus. Scott W. Key, of Eastland, for plaintiff in error.

POWELL, P. J. This is an original action in mandamus by the relator to require the land commissioner of this state to reinstate his claim to a tract of public free school land in Palo Pinto county, Tex., which the state had sold him, and, without forfeiting his contract as by law required, proceeded prematurely to advertise the land for resale. On the 23d day of March, 1925, the relator filed a motion herein as follows: "Now comes the relator in the above numbered and styled cause, and respectfully shows to the court that, since the institution of this proceeding, the respondent, J. T. Robison, commissioner of the general land office of the state of Texas, has voluntarily reinstated the relator as a purchaser of the land referred to in his petition, and that therefore the further prosecution of this proceeding has become unnecessary. Wherefore relator prays that this cause be dismissed, at his cost." This case is ruled by our opinion in the case of Weaver v. Robison, Commissioner, and which was adopted by the Supreme Court on December 20, 1924. See 268 S. W. 133. In that case we held there could be no valid advertisement, such as required by law before the lands advertised were forfeited, and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The settlement of the instant case by the parties followed the decision aforesaid. We recommend that the aforesaid motion, filed by relator herein, be granted, and this cause dismissed, at his cost.

CURETON, C. J. Cause dismissed, on motion of relator, at his cost, as recommended by the Commission of Appeals.

=====

3

Paz BARRON v. STATE. (No. 8802.) (Court of Criminal Appeals of Texas. April 1, 1925.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in criminal district court No. 2 of Dallas county of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary. The record is before us without a single bill of exceptions. The state's evidence sufficiently shows the commission of the offense. Appellant defended on the proposition of an alibi. This defense was submitted to the jury, and by them solved adversely to the contention of the appellant. Finding no error in the record, the judgment will be affirmed.

=====

4

Will BEAN v. STATE. (No. 9219.) (Court of Criminal Appeals of Texas. April 15, 1925.) Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The indictment is regular. A plea of guilty was entered. No bills of exception are found in the record. Neither are the facts brought forward for review. The judgment is affirmed.

=====

5

Marshall BELL v. STATE. (No. 8616.) (Court of Criminal Appeals of Texas. Feb. 18,